■ In the Matter of COUNTY OF MONROE, as Local Sponsor of Monroe Community College, Respondent, v BOARD OF TRUSTEES OF STATE UNIVERSITY OF NEW YORK et al., Appellants. [763 NYS2d 194] —Appeals from a judgment (denominated order and judgment) of Supreme Court, Monroe County (Bergin, J.), entered January 24, 2002, which awarded petitioner damages of $266,657, plus costs and interest from August 26, 1994.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Pursuant to Education Law § 6304, petitioner sought State financial assistance for up to 50% of the capital costs on a project to improve Monroe Community College. As early as October 1989, petitioner inquired whether respondents would reimburse it for 50% of the costs of construction management services provided by petitioner on the project, and subsequent requests for reimbursement were denied. In September 1991, petitioner submitted an application to respondent Dormitory Authority of the State of New York (Dormitory Authority) for reimbursement for 50% of the approximately $30 million in budgeted costs. The amount was authorized by respondent Board of Trustees of the State University of New York (Trustees) in October 1991 and was subsequently approved by respondent Director of the Budget of the State of New York (Budget Director). However, the September 1991 application did not include the costs of petitioner's construction management services on the project. Petitioner continued to request reimbursement for its services, but those requests for

reimbursement were repeatedly denied by respondents. By letter dated March 1, 1994, the Assistant Counsel for the State University of New York (University) advised petitioner that its services on the project were not reimbursable because they were duplicative of the services that were provided by the construction manager and thus unnecessary. By letter dated December 6, 1995, the Secretary of the University denied the request on the same basis.

In March 1996 petitioner commenced a CPLR article 78 proceeding seeking, inter alia, a judgment annulling and setting aside respondents' determination to deny the application of petitioner to establish the value of its construction management services for State aid reimbursement. By judgment entered September 9, 1996, Supreme Court granted the petition in part by annulling and setting aside the determination of the Secretary of the University and directing him to present petitioner's application to the Trustees. In June 1999 the Trustees determined that the value of the services provided by petitioner was zero. Petitioner then commenced this second CPLR article 78 proceeding in October 1999 seeking, inter alia, a judgment annulling and setting aside the Trustees' determination that the services provided by petitioner had zero value. By amended order and judgment entered March 8, 2001, the court held that the Trustees' valuation was arbitrary and capricious and not supported by substantial evidence. The court ordered petitioner to submit affidavits and other evidence establishing the value of its services on the project and, by judgment (denominated order and judgment) entered January 24, 2002, the court awarded petitioner damages of $266,657, plus costs and interest from August 26, 1994. Respondents now appeal from that judgment.

We agree with respondents that the determination of the Trustees that the services provided by petitioner had zero value is not arbitrary or capricious. Contrary to the contention of petitioner, the value of its services on the project was not included in its application to the Dormitory Authority in September 1991, nor was it approved by the Trustees or the Budget Director. The Trustees' determination that the services provided by petitioner were duplicative of the services provided by the construction manager hired for the project is neither arbitrary nor capricious. We therefore reverse the judgment and dismiss the petition. Present—Pine, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.